FILED
SUPERIOR COURT
OF GUAM

2023 AUG -1 PM 2:49

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| DFS GUAM L.P.,<br><br>                    Plaintiff,<br><br>v.<br><br>THE ANTONIO B. WON PAT INTERNATIONAL AIRPORT AUTHORITY, GUAM, and DOES 1-10, INCLUSIVE,<br><br><br>                    Defendants. | CIVIL CASE NO. CV0943-14<br>(Consolidated with CV0094-15 and CV0198-15)<br><br><br>**DECISION AND ORDER**<br>*Re: GIAA's Motion to Dismiss for Lack of Subject Matter Jurisdiction* |

This matter came before the Honorable Arthur R. Barcinas on July 31, 2023, for a motion hearing on Defendant A.B. Won Pat International Airport Authority, Guam's ("GIAA") Motion to Dismiss for Lack of Subject Matter Jurisdiction.[1] Plaintiff DFS Guam, L.P. ("DFS") was represented by Attorneys Jay Srinivasan, Maurice Suh, G. Patrick Civille and Attorney Zathrina

---

[1] The Court issued a short decision on this matter on July 31, 2023, with assurances that it would issue this longer decision in short order.

Zasell G. Perez, and Defendant A.B. Won Pat International Airport Authority, Guam ("GIAA")

was represented by Attorneys E. Christian Calvo and Genevieve Rapadas.

## BACKGROUND

On July 20, 2023, shortly before the July 20 pre-trial conference, GIAA filed a Motion to

Dismiss for Lack of Subject Matter Jurisdiction. The motion referenced the July 5, 2023

enactment of Public Law 37-23, the pertinent parts of which read as follows:

> **Section I. Legislative Findings and Intent.** *I Liheslaturan Guahan* finds that given the damage and uncertainty caused by the COVID-19 pandemic, Typhoon Mawar, and other geopolitical issues and hardships that have arisen over the past several years, it is projected to take at least several years for Guam's visitor industry and for the A.B. Won Pat International Airport Authority, Guam (GIAA) to achieve the enplanement trajectory and financial stability, through the restoration of operating reserves and capital improvement funds, expected prior to the COVID-19 pandemic. Accordingly, *I Liheslaturan Guahan* finds that the current GIAA concessions are in the best interest of the GIAA and Guam; and that an extension of such concessions is in the best interest of GIAA and the island.
> **Section 2. Authority to Extend Concession Agreements.** The A.B. Won Pat International Airport Authority, Guam is authorized to negotiate extensions of its concession agreements for up to an additional three (3) years from the end of the then-current term upon terms and conditions in the best interests of GIAA, subject to approval by the GIAA Board of Directors.

P.L. 37-23.

In its motion, GIAA claimed that the enactment of the above law divests this court of

subject matter jurisdiction by rendering this case moot. In the motion, GIAA stated that 5 G.C.A.

§ 5452 provides that, "upon completion of certain procedures and findings, all of which have

been duly performed, the head of a Purchasing Agency such as GIAA can make a finding of the

best interests of the Territory and thereby ratify and affirm any contract that may have been

solicited or awarded in violation of law." Mot. to Dismiss, at 1-2. GIAA further claimed that,

DFS's allegations notwithstanding, a legally binding finding was made that the Lotte Agreement

is in the best interests of the territory, and that the agreement was affirmed and ratified by the

head of GIAA. Consequently, because DFS can allegedly no longer seek relief regarding the solicitation or award of the Lotte Agreement, there is no longer any controversy over which the Court can award relief, and therefore the case is moot. The Court disagrees for the below reasons.

## DISCUSSION

### I. Legal Standard

#### A. Jurisdiction

GIAA brings the instant motion pursuant to Guam R. Civ. P. 12(b)(1), arguing a lack of subject matter jurisdiction. Under the Procurement Law, the Court has jurisdiction over an action between the territory and a bidder or prospective contractor to determine whether a solicitation or award of a contract is in accordance with the statutes, regulations, and the terms and conditions of the solicitation. 5 GCA § 5480(a). Pursuant to this statute, the Court has jurisdiction over actions at law or in equity, and whether the actions are for monetary damages or for declaratory, or other equitable relief. *Id.*

GIAA maintains that the Court has been stripped of the above jurisdiction because GIAA's alleged resolution of the protest has rendered this matter moot.

#### B. Mootness

Mootness is a threshold jurisdictional issue under the well-settled concept that courts may not give opinions upon moot questions or abstract propositions. *Linsangan v. Gov't of Guam*, 2020 Guam 27 ¶ 30. A claim becomes moot only when the issues are no longer live or the parties lack a legally cognizable interest in the outcome. *Town House Dep't Stores, Inc. v. Ahn*, 2000 Guam 32 ¶ 9. Intervening events or changed circumstances that make it impossible for a

reviewing court to grant the complaining party effectual relief will render a case moot. *Rapadas v. Benito*, 2011 Guam 28 ¶ 13.

### C. Procurement Law

Under the Procurement Law, a bidder may file a protest to the Chief Procurement Officer, or if the agency is exempted from other portions of the centralized procurement regime, as GIAA is, the director of the exempted agency. 5 GCA §§ 5125, 5425(a). If the protest is not resolved to the bidder's satisfaction, the bidder may appeal to the Public Auditor (OPA). 5 GCA § 5425(e). A decision of the OPA is final unless a person adversely affected by the decision commences an action in the Superior Court in accordance with 5 GCA § 5480(a). *Id.* § 5425(f). 5480(a) dictates that the Court shall have jurisdiction over an action between an agency and a bidder to determine whether a solicitation or award of a contract is in accordance with law and with the terms and conditions of the solicitation. *Id.* § 5480(a). In addition to other relief and remedies, the Court has jurisdiction to grant injunctive relief in any action brought under § 5480. *Id.* § 5480(c). In any judicial action under § 5480, any factual or legal determinations by employees, agents, or other persons appointed by the Territory shall have no finality and shall not be conclusive.

The Procurement Law allows both pre-award and post-award procurements to be canceled or terminated if the solicitation, proposed award, or contract is in violation of law. *Teleguam Holdings LLC v. Territory of Guam*, 2018 Guam 5 ¶ 41. If the violation occurs pre-award, then the solicitation or proposed award must either be canceled, or revised to comply with the law. 5 GCA § 5451. However, if the violation occurs post-award, the contract may be ratified and affirmed, if it is determined that doing so is in the best interests of Guam, regardless of whether the awardee acted fraudulently or in bad faith. *Id.* §§ 5452(a)(1); 5452(a)(2).

### D. Available Relief

Pursuant to 5 GCA § 5480, the Superior Court shall have jurisdiction to grant, in addition to other relief and remedies, injunctive relief in an action brought under § 5480(a). The Court also has jurisdiction to grant declaratory judgment against the government, and to grant a protestant reasonable costs incurred in connection with the solicitation and protest, including bid preparation costs and excluding attorney's fees, if the protestant is found entitled to such costs. *Id.*, Comment; 5 GCA § 5425(h).

### II. The Guam Legislature cannot offer legally binding interpretations on the best interest of the Territory as it pertains to the Procurement Law.

GIAA's first motion argument is that the Legislature finds that GIAA's concession agreements are in the best interest of the Territory and authorizes contract extensions. According to GIAA, Public Law 37-23 authorizes GIAA to negotiate terms and conditions of the extension and provides that the terms and conditions of the extension are in the best interests of GIAA, subject to the approval of GIAA's Board of Directors. The Court does not agree with GIAA's interpretation.

While the Legislature may opine that the current GIAA concessions and the extension of such are in the best interest of the territory, the Procurement Law and Administrative Rules and Regulations explicitly appoint the legally binding determination of the best interest of Guam to the executive or judicial branches, depending on which forum the associated protest is before. *See* 2 GARR § 9106(c)(3); 5 GCA § 5705(c); 5 GCA § 5425(c)(1),(c)(3).

The Court is not convinced that the Legislature's best interest determination under the Public Law is the same determination that would apply within the context of the Procurement Law. In fact, upon review of the legislative record, there is no indication that the Legislature undertook a best interest analysis with respect to this particular contract, but rather was

addressing the general concession needs of GIAA. In support of this determination, the Court notes that the findings and determination of the GIAA manager regarding this Lotte contract were not before the Legislature and in fact were produced after the legislation was passed. Therefore, the determination by the Legislature has no bearing on this Court's analysis.

If the Court accepts GIAA's argument on this point, then the Legislature's determination of the best interest of the territory in the context of this case would potentially impermissibly interfere with the judiciary and executive branches' accomplishment of their constitutionally assigned functions, and would not be justified by any overriding constitutional need, as dictated by the Guam Supreme Court's separation of powers test. *People of Guam v. Perez*, 1999 Guam 2 ¶¶ 16-18. Therefore, the Court finds P.L. 37-23's determination that GIAA's concessions are in the best interest of Guam is not a legally binding finding, as GIAA suggests, and the Court will disregard any purported legal effect that GIAA attributes to P.L. 37-23.

## III.    GIAA's consultation with the Attorney General is not persuasive to the Court's ruling.

GIAA also states in its motion that, on July 17, 2023, it consulted with the Attorney General ("AG") on this case and P.L. 37-23. GIAA states that the AG was given a summary of the case and status of the litigation, and that the AG concurred with GIAA's findings and expressed support for GIAA's position. With all due respect to the AG's legal acumen, this is a case spanning ten years, three separate protests, and dozens of motions filed by both parties. The Court does not find that a single meeting with one of the parties, particularly a meeting without input from opposing parties, would be sufficient to grant any lawyer the case experience required to weigh in on this case with a level of authority that the Court would find persuasive.

The facts before the Court show nothing more than a single meeting took place between the AG and members of GIAA personnel, in an effort by GIAA to demonstrate compliance with § 5425.

## IV. Under 5 GCA §§ 5425 and 5480, GIAA's Executive Manager holds no authority to resolve a protest once it is before the Court.

GIAA's executive manager's opportunity to resolve this dispute ended once this case came to court. GIAA's argument that its executive manager ratified and affirmed the contract, and that the executive manager found and the GIAA Board of Directors affirmed that the contract was in the best interests of the territory, is therefore without merit. The Court finds that GIAA does not have the authority to make such determinations at this stage of the protest.

Pursuant to 5 GCA § 5425(b), "the head of a purchasing agency, or a designee of one of these officers shall have the authority, *prior to the commencement of an action in court concerning the controversy*, to settle and resolve a protest of an aggrieved bidder, offeror, or contractor, actual or prospective, concerning the solicitation or award of a contract." (emphasis added). Even if the protest was found to be post-award, the executive director of GIAA cannot ratify and affirm the Lotte agreement because doing so would effectively resolve DFS's protest. Given that the instant action is before the Court, GIAA has effectively been stripped of its authority to resolve this protest until the Court has issued its decision.

Furthermore, the Procurement Law states that, in the event of a timely protest under § 5425(a) or § 5480(a), "Guam shall not proceed further with the solicitation or the award of the contract prior to final resolution, and any such further action is void," unless: "*[t]he Chief Procurement Officer or the Director of Public Works* after consultation with and written concurrence of the head of the using or purchasing agency and the Attorney General ... makes a

written determination that the award of the contract without delay is necessary to protect substantial interests of the Territory." *Id.* § 5425(g)(1) (emphasis added). The statute does not require the head of GIAA to make the written determination, but the Chief Procurement Officer or the Director of Public Works. Moreover, if the protest is pending before the Court, as this protest is, the statute also requires the Court to confirm that determination. *Id.* § 5425(g)(3).

Finally, pursuant to 5 GCA § 5480(d), in any judicial action under § 5480, factual or legal determinations by employees, agents, or other persons appointed by the territory shall have no finality and shall not be conclusive. This would include any determinations that the contract is in the best interest of the territory, in addition to any determination as to whether the Lotte award is in accordance with the statutes and regulations. This action still being before the Court, the Court finds that neither GIAA's executive director, its Board, the Legislature, the Governor, nor the AG have sufficient authority to determine that this matter is in the best interests of the territory, or that GIAA has sufficient authority to determine that this matter is closed.

## V. Even if GIAA is correct, the Court is not divested of subject matter jurisdiction in this case.

GIAA argues that the Court no longer has subject matter jurisdiction because GIAA's executive manager ratified the Lotte agreement after finding it to be in the best interests of the Territory. The Court does not find this argument compelling.

First, ratification is only possible if the protest is post-award, and the Court has not yet determined whether the protest is pre-award or post-award. Second, even if the Court does determine during Phase I of the trial that the protest is post-award, and GIAA's ratification of the Lotte agreement is found to be valid, that does not close the matter. The Guam Supreme Court ruled in *DFS II* that other remedies are available to DFS even if injunctive relief is not available

under the Procurement Law. *DFS v. GIAA*, 2020 Guam 20 ¶ 146. Pursuant to the Supreme Court's reasoning, the Court finds that, even if injunctive relief were no longer available, DFS's requests for reasonable costs and declaratory relief would remain viable despite intervening events.

GIAA argues in its reply that the additional relief requested by DFS is precluded by law and cannot serve as a basis for subject matter jurisdiction. Specifically, it argues that "a claim for attorney's fees or costs cannot revive a moot claim," and that, as this Court has previously held, a party in DFS's position cannot seek relief beyond the remedies established by the Procurement Law. Reply, at 4-5. GIAA also argues that DFS's claims for declaratory relief should be rejected because, even if the judgment were granted, the relief would have no practical effect on the parties because "the only remedies permitted under the Procurement Law have been addressed and carried out to completion." By these remedies, the Court presumes GIAA means the injunctive relief primarily sought by DFS.

Despite GIAA's reply arguments, the Court still finds that DFS is entitled to seek additional remedies. GIAA argues in large part that this Court has held that DFS is entitled only to those remedies established by the Procurement Law. Pursuant to the Procurement Law, a protestant may be entitled to "reasonable costs incurred in connection with the solicitation and protest, including bid preparation costs, excluding attorney's fees," "[i]n addition to any other relief granted under [§ 5425(c) or (e)] or [§5480(a)], including [remedies under §§ 5451 and 5452]." 5 GCA § 5425(h). The Court also distinguishes the cases GIAA cites in its defense, as they deal primarily with attorney's fees, which are a natural byproduct of a claim, and not necessarily a basis for separate relief as costs would be under the Procurement Law, and are largely predicated on the parties no longer having a continuing interest. Given DFS's ongoing

position as a potential concession bidder, both for GIAA and elsewhere, the Court finds DFS to have a continuing interest in this matter.

Declaratory relief is also a remedy provided by the Procurement Law, as "[§ 5480] has been amended to permit the additional action of declaratory judgment against the government." Comment, 5 GCA § 5480. The Court does not find GIAA's argument persuasive in the Court's analysis of the propriety of DFS's declaratory relief claims. Additionally, GIAA argues in the first instance that DFS seeks advisory opinions to use in litigation and later argues that it would not provide effective relief to DFS in the immediate case. The Court is in no position to argue the practical effects of the declaratory judgment given the myriad of issues remaining before the Court.

GIAA further argues that the cases DFS cites in its opposition are inapplicable because "the basis for finding those cases were not moot was that they involved 'substantial questions of public interest that are likely to recur,'" and states that there is nothing that can now "recur" because the original term of the contract has expired and the extension of the Lotte agreement has been allegedly authorized for three more years. The Court does not find this argument compelling because, again, DFS is likely to bid again at the end of that period, and there is a possibility that these allegations could arise again.

Thus, the Court finds it will still be possible for the Court to grant DFS effectual relief. Based on this finding, this case is not moot, and the Court retains subject matter jurisdiction.

## CONCLUSION

For the reasons above, the Court hereby **DENIES** GIAA's Motion to Dismiss for Lack of Subject Matter Jurisdiction.

**IT IS SO ORDERED** _____AUG 0 1 2023_____.

_____
**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**